Filed 5/13/15  P. v. Barillas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL BARILLAS,<br><br>    Defendant and Appellant. | B259899<br><br>(Los Angeles County<br>Super. Ct. Nos. BA104838, BA112333) |

THE COURT:*

Petitioner and appellant Michael Barillas (appellant) appeals from the denial of his petition for writ of error *coram nobis*, audita querela,[1] or other appropriate relief.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After appellant was notified of his counsel's brief, he filed his own letter brief with the points and argument he wished to have considered.  We have

---

*       ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

[1]     Audita querela was a common-law writ used as "'a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.' [Citation.]" (*People v. Vasilyan* (2009) 174 Cal.App.4th 443, 457 & fn. 2.)

reviewed the entire record and appellant's letter brief, and finding no arguable issues, we affirm the judgment.

The petition alleged that appellant's aliases were Juan Carlos Pineda and Jose Amilca Vasquez; that he was currently incarcerated in federal prison; and that his sentence had been enhanced due to his prior drug convictions in Los Angeles Superior Court case Nos. BA104838 and BA112333, entered upon pleas of guilty when he was 15 and 16 years old. The petition further alleged that appellant was given poor advice from fellow inmates regarding the circumstances and repercussions of pleading guilty as a juvenile in adult court, and that his counsel in both cases rendered ineffective assistance, as they should have determined whether appellant was properly in adult court rather than juvenile court. Attached to the petition was a letter dated March 21, 2012, from counsel in his federal case to the Los Angeles County Public Defender suggesting that action be taken to have the Los Angeles convictions vacated since appellant was a juvenile at the time. The petition sought an order vacating the two judgments based on appellant's status as a juvenile.

The trial court issued a memorandum decision denying the petition on the grounds that *coram nobis* relief was not available to address claims of ineffective assistance of counsel, and that audita querela required newly discovered facts. Since appellant knew how old he was at the time of his convictions that was not newly discovered. In addition, the trial court ruled that defendant was not entitled to vacate his guilty pleas, because the two convictions were nearly 20 years old and appellant had not met his burden to explain and justify the delay in seeking relief.

Appellant suggests that the trial court erred in strictly construing the petition as seeking relief only under *coram nobis* or audita querela, pointing out that the petition sought '"other appropriate relief"' in the alternative. However, *any* collateral attack on the validity of a guilty plea, whether by petition for *coram nobis*, habeas corpus, or other extraordinary writ, or by statutory motion to vacate, requires specific factual allegations demonstrating diligence in seeking relief. (*People v. Kim* (2009) 45 Cal.4th 1078, 1096-

2

1099.)  As there were no such averments here, the trial court did not err in denying the petition.

Appellant contends that the trial court should have granted relief because the superior court lacked fundamental jurisdiction to convict him as an adult.  Although a judgment rendered by a court lacking fundamental jurisdiction is void and may be challenged at any time, the superior court sitting as an adult court does not lack fundamental jurisdiction over juveniles.  (*In re Harris* (1993) 5 Cal.4th 813, 835-838.)  If erroneously entered, the adult conviction could be subject to a *timely* challenge as an excess of jurisdiction.  (*Id*. at pp. 837-838.)[2]  Appellant also asserts that he first became aware that the law prohibited juveniles from entering guilty pleas in adult courts when federal counsel gave him a copy of her letter to the Los Angeles Public Defender addressing that point.  Appellant's (mistaken) belief that the law prohibits juveniles from entering guilty pleas in adult courts relates only to his ignorance of the *legal consequences* of his guilty plea as a juvenile, not to newly discovered *facts*.  A mistake of law would not justify extraordinary collateral relief from the judgment, even if timely asserted.  (See *People v. Kim, supra*, 45 Cal.4th at p. 1093.)

Upon examination of the record and review of the issues raised by appellant, we are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review, received adequate and effective

---

[2]      Although any challenge to the conviction must be timely, an unauthorized adult *sentence* may be attacked at any time in a petition for writ of habeas corpus.  (*In re Harris, supra*, 5 Cal.4th at pp. 840-841.)  Appellant has attached to his letter brief appellate counsel's letter explaining his decision to file a *Wende* brief.  Counsel states that he reviewed the court records of the prior convictions, determined that appellant was convicted under a different name in each, and that various birth dates appeared in the records showing him to have been over the age of 18 years at the time of each offense. Counsel's letter described what evidence appellant would need to support a habeas petition, and suggested that appellant hire counsel or apply to the superior court for assistance in investigating and preparing his claims.

appellate review of the order denying his petition.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The superior court's order of September 16, 2014, is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.